### In re RELIANCE STORAGE & WAREHOUSE CO.

(District Court, E. D. Pennsylvania.   December 18, 1900.)

#### No. 382.

BANKRUPTCY—AMOUNT OF CLAIM—ESTOPPEL.

Where the fund to be distributed among the creditors of a bankrupt storage company consisted entirely of the proceeds of insurance on the property of such creditors burned while in storage, the amount of which was determined by an agreement between the insurers and the respective owners as to the value of the property of each, the creditors are bound by such valuations, as between themselves, and one cannot be permitted to prove a larger claim on the ground that his valuation was intended to cover only his interest in the goods after deducting the amount of a lien thereon in favor of the bankrupt.

In Bankruptcy. On certificate of referee concerning rejection of claim of William Karer.

Benjamin Alexander, for bankrupt.
Furth & Singer, for trustee.
Faber & Bernheimer, for creditor.

J. B. McPHERSON, District Judge. I think there is much force in the referee's position that as the fund now being distributed is entirely the proceeds of insurance policies, and as the amount of the

fund was determined by an agreement. between the companies and the respective parties insured concerning the value of the property lost,—an adjustment of the loss having been made on the basis of this appraisement,—no party should be permitted to increase now the valuation of his own property, and thus gain a larger share of the fund.    It is the misfortune of the creditor now complaining that, when he agreed to put a certain value upon his property, he supposed he should receive in cash the full amount of such valuation; but I see no way to relieve him.    The other creditors did not agree that his consent to value his property at $125 should be treated as the repayment of the loan of $30 that had been made to him by the bankrupt when the piano was stored; and, in the absence of such an agreement, they have a right to insist that the loan shall be deducted from his dividend.

The decision of the referee must be affirmed.